O

1

2

3

4

5

6

7

8                     **UNITED STATES DISTRICT COURT**

9                     **CENTRAL DISTRICT OF CALIFORNIA**

10

11   CHRISTOPHER DAVID MOORE,        )   NO. CV 12-00090-PA (MAN)
                                     )
12                  Petitioner,      )
                                     )
13        v.                         )   ORDER DISMISSING PETITION
                                     )   WITHOUT PREJUDICE
14   A. WASHINGTON-ADDUCI,           )
                                     )
15                  Respondent.      )
     _____)
16

17

18        On January 5, 2012, Petitioner filed a 28 U.S.C. § 2241 habeas

19   petition in this district ("Petition").  Through four claims, Petitioner

20   contends that -- in connection with his 88-month sentence imposed in

21   1995[1] -- he was wrongly denied early release in April 1997, and was

22   wrongly required to reapply for early release in 2009, following the

23   implementation of new rules.  (Petition at 3-4.)  On January 9, 2012,

24   United States Magistrate Judge Margaret A. Nagle issued an Order

25   _____

26        [1]    The Petition alleges that Petitioner is serving two federal
     sentences:  (1) an 88-month term based on a conviction for possession of
27   methamphetamine with the intent to distribute, which was imposed in 1995
     (the "1995 Sentence"); and (2) an 18-month term based on a conviction
28   for escape, which was imposed in 2008, and is to commence running
     following the completion of the 1995 Sentence (the "2008 Sentence").
     (Petition at 2.)

1  requiring Respondent to file an Answer to the Petition.  The January 9
2  Order also permitted Petitioner to file a Reply within 60 days of the
3  service date of the Answer.

4

5      On March 6, 2012, Respondent filed and served an Answer to the
6  Complaint.  The evidence submitted with the Answer shows, *inter alia*,
7  that:  (1) Petitioner did not receive credit toward the 1995 Sentence
8  while he was on escape status from July 8, 1997, through August 26,
9  2007; (2) Petitioner completed, and was released from, the 1995 Sentence
10  on January 29, 2012; (3) Petitioner commenced serving the 2008 Sentence
11  on January 29, 2012, with a then-projected release date of March 1,
12  2013; and (4) as of February 3, 2012, Petitioner has been found eligible
13  for early release.  (*See* Answer, appended Declaration of Sarah Schuh and
14  attachments.)  In addition, pursuant to Rule 201 of the Federal Rules of
15  Evidence, the Court has taken judicial notice of the Inmate Locator
16  function  available  through  the  Federal  Bureau  of  Prisons  website
17  (http://www.bop.gov),  which  shows  that  Petitioner's  release  date  is
18  September 21, 2012.

19

20      Petitioner's deadline for filing a Reply to the Answer passed on
21  May  5,  2012.   Petitioner  neither  filed  a  Reply  nor  requested  an
22  extension of time to do so.  On May 24, 2012, Magistrate Judge Nagle
23  issued an Order To Show Cause Re: Dismissal For Mootness ("OSC").  The
24  OSC  advised  Petitioner  why  the  Petition  appears  to  be  moot  and,
25  therefore, is subject to dismissal.  The OSC directed Petitioner to file
26  a response, by no later than June 21, 2012, stating whether he concedes
27  or disputes that this case is moot.  The OSC explicitly "cautioned"
28  Petitioner "that a failure to timely respond to this Order shall be

1  deemed to constitute a concession that the Petition is moot and should

2  be dismissed."  (OSC at 3.)

3

4     The deadline for responding to the OSC has passed, and Petitioner

5  has not responded or requested additional time to do so, notwithstanding

6  the warning in the OSC that his failure to respond would be deemed a

7  concession that the Petition is moot and should be dismissed.  Indeed,

8  since filing the Petition, he has had no contact with the Court and,

9  thus, does not appear to have any interest in pursuing this action.

10

11                            **DISCUSSION**

12

13     Under Article III, § 2 of the United States Constitution, federal

14  courts are barred from hearing matters, including habeas petitions, in

15  the absence of a live case or controversy. *See, e.g.*, Spencer v. Kemna,

16  523 U.S. 1, 7, 118 S. Ct. 978, 983 (1998); Deakins v. Monaghan, 484 U.S.

17  193, 199, 108 S. Ct. 523, 528 (1988).  A case becomes moot when it no

18  longer satisfies the case or controversy requirement. Spencer, 523 U.S.

19  at 7, 118 S. Ct. at 983.  The case or controversy requirement demands

20  that the parties continue to have a personal stake in the outcome of a

21  federal lawsuit through all stages of the judicial proceedings.  *Id.*

22  "This means that, throughout the litigation, the plaintiff 'must have

23  suffered, or be threatened with, an actual injury traceable to the

24  defendant and likely to be redressed by a favorable judicial decision.'"

25  *Id. (quoting* Lewis v. Continental Bank Corp., 494 U.S. 472, 477, 110 S.

26  Ct. 1249, 1253 (1990)).

27

28     "If an event occurs that prevents the court from granting effective

1 relief, the claim is moot and must be dismissed." <u>American Rivers v.</u>
2 <u>Nat'l Marine Fisheries Service</u>, 126 F.3d 1118, 1123 (9th Cir. 1997); *see*
3 *also* <u>Church of Scientology of Cal. v. United States</u>, 506 U.S. 9, 12, 113
4 S. Ct. 447, 449 (1992)(case becomes moot if events following case filing
5 make it impossible for the court to grant any meaningful relief). "The
6 question is whether there can be any effective relief." <u>Cantrell v.</u>
7 <u>City of Long Beach</u>, 241 F.3d 674, 678 (9th Cir. 2001); *see also* <u>NASD</u>
8 <u>Dispute Resolution, Inc. v. Judicial Council of State of Calif.</u>, 488
9 F.3d 1065. 1067 (9th Cir. 2007)(whether a case or controversy remains
10 depends on whether the court can give the litigant "'any effective
11 relief in the event that it decides the matter on its merits in his
12 favor'")(citation omitted).

13

14     In the specific context of habeas petitions, a habeas petition is
15 moot when a petitioner's claim for relief cannot be redressed by the
16 issuance of a writ of habeas corpus. *See* <u>Spencer</u>, 523 U.S. at 7, 118 S.
17 Ct. at 983; <u>Burnett v. Lampert</u>, 432 F.3d 996, 1000-01 (9th Cir. 2005).
18 The case or controversy requirement warrants a finding of mootness if:
19 (1) the petitioner has received the relief requested in the petition; or
20 (2) the court is unable to provide the petitioner with the relief
21 sought. <u>Munoz v. Rowland</u>, 104 F.3d 1096, 1097-98 (9th Cir. 1997).

22

23     As the Supreme Court observed in <u>Spencer</u>: "[M]ootness, however it
24 may have come about, simply deprives us of our power to act; there is
25 nothing for us to remedy, even if we were disposed to do so. We are not
26 in the business of pronouncing that past actions which have no
27 demonstrable continuing effect were right or wrong." 523 U.S. at 18,
28 118 S. Ct. at 988. That observation is apt here. Petitioner's

1 complaints about his failure to receive early release in connection with

2 the 1995 Sentence have been mooted by the completion of that sentence

3 and Petitioner's release from that sentence.  There is no habeas relief

4 that this Court can issue with respect to the 1995 Sentence.    In

5 addition, Petitioner has been found eligible for early release with

6 respect to his present 2008 Sentence, and it appears that he will be

7 released many months ahead of his previously-scheduled release date of

8 March 1, 2013.    As  Petitioner  does  not  allege  any  collateral

9 consequences, and none are apparent,[2] "[i]t is clear that the direct

10 consequences of the action challenged here can no longer be remedied in

11 habeas."  Cox v. McCarthy, 829 F.2d 800, 803 (9th Cir. 1987).  No case

12 or controversy exists at this time, and this action is moot.

13

14     For the foregoing reasons, the dismissal of this action due to

15 mootness is warranted.  Accordingly, IT IS ORDERED that:  the Petition

16 is DISMISSED WITHOUT PREJUDICE on the ground of mootness; and Judgment

17 shall be entered dismissing this action without prejudice.

18

19 DATED: July 6, 2012.

20                                       _____

21                                       PERCY ANDERSON
                                        UNITED STATES DISTRICT JUDGE

22 PRESENTED BY:

23

24 _____
        MARGARET A. NAGLE

25 UNITED STATES MAGISTRATE JUDGE

26 _____

27     [2]     An exception to the mootness doctrine exists for petitioners
   who allege that they would suffer collateral legal consequences if their
   convictions were allowed to stand.  See, e.g., Spencer, 523 U.S. at 8-

28 14, 118 S. Ct. at 983-86.  That doctrine is inapplicable here.